



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MAURICE L. HUDSON
*Assistant Corporation Counsel*
(212) 788-8684
fax: (212) 788-9776
mhudson@law.nyc.gov

August 25, 2008

**BY FAX: (212) 805-7928**
Honorable Michael H. Dolinger
United States Magistrate Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

*[handwritten endorsed order:]* ENDORSED ORDER — On request "(1)", see Endorsed Order dated Aug. 25, 2008. On request "(2)", defendant City is to respond to the complaint by no later than October 8, 2008. On request "(3)", we request that plaintiff sign and return to defendant's attorney by Sept. 23, 2008 any medical release sent to him. — MHD 9/2/08

Re:  Eric J. Lesane v. Department of Correction, et al.
     08-CV-4830 (PAC)(MHD)

Your Honor:

      I am an attorney in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to the defense of the above-referenced federal civil rights action. I write in light of Your Honor's Order dated August 25, 2008, to respectfully request that the Court: (1) explicitly deem plaintiff's complaint amended to add the City of New York (City) as a defendant prior to requiring the City to respond, (2) grant the City a thirty (30) day enlargement of time within which to answer or otherwise respond to plaintiff's complaint from September 8, 2008, to October 8, 2008, and (3) issue an order compelling plaintiff to provide the City with a medical release. I write directly to the Court as plaintiff is incarcerated and proceeding *pro se*.

      Plaintiff initiated this matter on or about March 23, 2008, naming as defendants the Department of Correction (DOC) along with "John Doe" and "Jane Doe." Plaintiff alleges that at approximately 10:00 a.m. on December 18, 2007, at the Rikers Island RNDC (C-74) facility, he was assaulted by an unidentified civilian medical staff person and was denied medical care by a civilian doctor and a female escorting officer. Plaintiff further alleges that he suffered, *inter alia*, a swollen right hand, bruises, a possible fracture to his finger as well as mental and emotional pain. Plaintiff now seeks $50 million in damages and the dismissal of the Doe defendants from their jobs.

      By letter dated August 22, 2008, this Office respectfully informed the Court that we were aware of plaintiff's complaint but that no suable entities had yet been served. On August 25, 2008, the Court ordered the City of New York to respond to plaintiff's complaint

within 14 days. This Office agrees that a *pro se* pleading must be construed liberally and does not oppose the Court amending plaintiff's complaint, *sua sponte*, to add the City as a defendant. However, we respectfully submit that requiring the City to answer in place of the Department of Correction when the City has not been named as a defendant is contrary to case law in the Southern District of New York. For example, in one recent case before the court, a *pro se* plaintiff's claims against the Department of Correction were dismissed in view of the fact that DOC is not a suable entity. Green v. City of N.Y. Dep't of Corr., 06 Civ. 4978 (LTS)(KNF), 2008 U.S. Dist. LEXIS 47695 at *12,13. In dismissing the claims against DOC, the Green court noted that, pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, a city agency's capacity to be sued is determined by the law of the state where the court is located, and that Section 396 of the New York City Charter provides that "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law" (citation omitted). Id. The court in Green further held that the plaintiff was to be granted leave to reassert his claim against the City of New York, adding the cautionary note that plaintiff was to make clear the factual basis of any claim against the City as it could only be held liable if the violation was the product of a municipal policy, custom or practice. Id. In view of the fact that there is clear precedent in the Southern District, as set forth more fully in this Office's August 22, 2008, letter to the Court, holding that the Department of Correction is not a suable entity, it is respectfully requested that the Court explicitly deem plaintiff's complaint to be amended to add the City of New York as a defendant prior to requiring the City to answer or otherwise respond to the complaint.

Moreover, because the City is being newly named as a defendant and in accordance with our obligations under Rule 11 of the Federal Rules of Civil Procedure, it is respectfully requested that the Court enlarge the City's time to answer until October 8, 2008. In addition to gathering the underlying documents, the City requires this additional time to conduct a reasonable investigation regarding the identities of the Doe defendants referred to in plaintiff's complaint.

Finally, because plaintiff claims specific medical injuries, including a fractured finger, this Office will need additional time to obtain plaintiff's medical records in order to properly evaluate and respond to the complaint. In anticipation of this litigation, this Office has forwarded a medical release to plaintiff and now respectfully requests that the Court order plaintiff to execute and return same by a date certain.

In view of the foregoing, it is respectfully requested that the Court grant with within requests. Thank you for your consideration of these matters.

Respectfully submitted,

Maurice L. Hudson
Assistant Corporation Counsel

cc:   <u>BY FIRST-CLASS MAIL</u>
      Mr. Eric J. Lesane
      Plaintiff *Pro Se*
      #241-05-17065
      Otis Bantum Correctional Center
      16-00 Hazen Street
      East Elmhurst, New York 11370