```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ERIC J. LESANE,
                                    :
                Plaintiff,              REPORT AND RECOMMENDATION
                                        08 Civ. 4830  (PAC)(MHD)
                                    :
      -against-

                                    :
DEPARTMENT OF CORRECTION
et al.,
                Defendants,         :


------------------------------------x
```

**TO THE HONORABLE PAUL A. CROTTY, U.S.D.J.:**

Plaintiff Eric J. Lesane commenced this pro se action under 42 U.S.C. § 1983 against the New York City Department of Correction ("DOC"), an unidentified correction officer, and an unidentified civilian medical doctor ("defendants") on April 22, 2008. Plaintiff alleges that while incarcerated at the Otis Bantum Correctional Center on Rikers Island he was denied medical treatment by a civilian doctor, that he told the doctor that he would report the refusal, and that the doctor subsequently attacked him. After the alleged attack, plaintiff requested to be taken to the infirmary, but complains that the officer escorting the doctor refused to take him for medical care.

1

Defendants have requested, by letter dated November 5, 2008, that plaintiff's lawsuit be dismissed for failure to prosecute. Plaintiff has failed to respond to this letter. We now recommend that defendants' request be granted.

A. Prior Proceedings

Plaintiff initially filed a complaint on May 23, 2008. Service was effected upon the DOC on August 8, 2008. On August 22, 2008, counsel from the City's Law Department wrote to the court, advising that since the DOC was not a suable entity, he would not respond to the complaint on its behalf unless ordered to do so. (Letter from Maurice L. Hudson, Esq. to the Ct. (Aug. 22, 2008). In response, we issued an endorsed order deeming the pro se complaint to be intended to name the City of New York as a defendant and directing a response to the complaint within fourteen days.

In response to a follow-up letter from defendants' attorney (Letter from Maurice L. Hudson, Esq. to the Ct. (Aug. 25, 2008)), the court ordered plaintiff to sign and return releases that would allow defendants to obtain medical records of plaintiff's alleged injuries by September 23, 2008. (See Endorsed Order dated September 2, 2008).

2

Several weeks later, defendants notified the court that plaintiff had been discharged from the custody of the DOC on August 27, 2008, and had yet to notify either the court or defense counsel of his current address. Defendants also advised the court that plaintiff had failed to provide the releases. (Letter from Maurice L. Hudson, Esq. to the Ct. (Sept. 16, 2008)).

The court responded by ordering plaintiff to provide the court with his current address by October 31, 2008, or face a recommendation of dismissal. (See Endorsed Order dated September 22, 2008). However, plaintiff again failed to comply with the court order by the stated deadline, a not-surprising development since we did not have an updated address for him.

On November 5, 2008, defendants' counsel again wrote to the court, this time asking for dismissal of the complaint for failure to prosecute, pursuant to Fed. R. Civ. Pro. 41(b) or, in the alternative, for an order that the plaintiff show cause why he had not prosecuted the case. (Letter from Maurice L. Hudson, Esq. to the Ct. (Nov. 5, 2008)). In the same letter, defendants noted that plaintiff had another active lawsuit in the Southern District of New York, in which he was represented by an attorney, who had supplied defendants' attorney with a current mailing

3

address for the plaintiff. (Id. at 2-3). On November 6, 2008, we issued an order, with a copy mailed to plaintiff at his apparently current address, directing that, by no later than November 21, 2008, plaintiff demonstrate, by affidavit, why he had failed to comply with the orders issued on September 2 and 22, 2008. (See Endorsed Order dated November 6, 2008). The order went on to state that if plaintiff failed to comply, we would recommend dismissal of the complaint. Notwithstanding this warning, plaintiff did not respond to this order.

B. Analysis

Defendants request dismissal of the case for failure to prosecute. The Second Circuit has employed a five-factor balancing test for determining whether an action may be properly dismissed on this basis. The relevant considerations include:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff ha[s] received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4]...the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

Nita v. Connecticut Dep't of Envtl. Prot., 16 F. 3d 482, 485 (2d Cir. 1994) (internal quotations omitted). Generally, dismissal is more likely to be appropriate on the basis of a holistic examination of the history of the litigation, rather than as a sanction for a single, isolated default.  See, e.g., Link v. Wabash, 370 U.S. 626, 635 (1962); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993).

In assessing the duration of the plaintiff's inaction, we look to whether "the failures were those of the plaintiff, and... [whether] these failures were of significant duration." Spencer v. Doe, 139 F.3d 107, 113 (2d Cir. 1998). In this case, Mr. Lesane has not actively litigated the case since filing the complaint with the Pro Se Clerk in April 2008 and arranging for its service on the DOC, a process that he initiated in June 2008.  Because plaintiff is pro se, any failure to participate in the litigation is attributable to plaintiff himself.

There is no bright-line rule demarcating what constitutes a significant duration when evaluating the length of a plaintiff's inaction, see, e.g., Lopez v. Catholic Charities of Archdiocese of New York, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001)(holding dismissal could be warranted in some circumstances after a delay of less than four months), although courts have

5

indicated that, in appropriate circumstances, dismissal may be appropriate "after merely a matter of months". <u>Lyell Theatre Corp. v. Loews Corp.</u>, 682 F.2d 37, 42-43 (2d Cir. 1982). Other factors that bear on this question -- including a plaintiff's failure to comply with court orders, absence from conferences, lack of response to motions, and refusal to correspond with opposing counsel -- may be taken into account as evidence of a complete absence of action by plaintiff. <u>Lopez</u>, 2001 WL 50896, at *4.

In this case, plaintiff's inaction began shortly after the initiation of the lawsuit. Moreover, he has failed to sign and return authorizations to obtain his medical records, has since ignored the deadline set by the court -- September 23, 2008 -- for doing so, and has never remedied that failure. (Nov. 5, 2008 Hudson letter). He has also failed to communicate with the court and with opposing counsel, has taken no affirmative steps in the prosecution of his case since the filing of the complaint, and has made a complete mystery of his location after leaving prison. All of these failings support the conclusion that the delay -- almost six months to date -- is of significant enough duration to weigh in favor of dismissal.

6

The second factor looks to whether the plaintiff received notice that inaction may result in dismissal. Nita, 16 F.3d at 485. As a pro se litigant, plaintiff is entitled to specific and direct notice of the possibility of dismissal. See, e.g., Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Plaintiff has received explicit and direct notice of that danger through several orders issued by this court. (See Endorsed Orders dated September 2 and 22, and Order dated November 6, 2008). Moreover, although plaintiff presumably had not received such notice in September 2008, that was attributable to his own failure to advise opposing counsel and the court of his location. Plaintiff presumably received notice no later than early November since we sent copies of our November 6, 2008 order, as well as the prior orders to which it referred, to the address provided by plaintiff's counsel in the unrelated case, and that mailing has not been returned to the court. Therefore we infer that plaintiff received the required notice. Moreover, plaintiff's own failure to provide the court with a valid address militates in favor of dismissal because it is the responsibility of the pro se litigant to keep the court apprised of his current address. "[A]ny inability to receive actual notice" as a result of incorrect contact information would be "of plaintiff['s] own doing." Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 66 (S.D.N.Y. 1989).

7

The third consideration in our analysis is any prejudice to the defendants that would be caused by further delay. Nita, 16 F.3d at 485. Prejudice to a defendant may be presumed when it is the result of unreasonable delay by the plaintiff. See, e.g., Shannon v. General Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999) (citing Lyell, 682 F.2d at 43); Peart, 992 F.2d at 462 (citing Lyell, 682 F.2d at 43). Additionally, plaintiff's failure to provide discovery is also "evidence of actual prejudice." Lopez, 2001 WL 50896, at *5. Plaintiff's continuing silence, abdication of discovery obligations, and refusal to cooperate with opposing counsel can only be described as unreasonable, particularly when defendants have gone out of their way to find contact information for plaintiff. Defendants had no obligation to seek out plaintiff, and have demonstrated good faith in attempting to see that plaintiff's claims were litigated on the merits. These actions and plaintiff's failure to act strongly militate in favor of dismissal, because of the presumed and actual prejudicial effect that plaintiff's inaction has upon the defendants.

The fourth factor requires that the court balance the need to prevent congestion of its docket against the right of the litigant to be heard. Nita, 16 F.3d at 485. However, when a plaintiff displays a complete lack of interest in the prosecution of his own case, a court may conclude that he has forfeited the

8

right to argue a denial of due process. Lukensow, 124 F.R.D. at 67 (finding plaintiff's inactivity over two years precluded plaintiff's due-process argument). Plaintiff's inactivity up until the present day spans many months and reflects a complete refusal on his part to participate in his lawsuit. Furthermore, while this single case does not itself cause congestion of the court's docket, "protracted delays in a case will burden the Court," justifying a policy of dismissing cases for failure to prosecute. Williams v. Partrich, 2008 WL 1847883, at *4 (S.D.N.Y. Apr. 24, 2008).

As for the possible efficacy of lesser sanctions, we see none that could solve the problem posed by plaintiff's evident refusal to participate in his own lawsuit. Any attempt at imposing a lesser sanction would likely be met with similar silence, requiring dismissal at a later date. Based upon plaintiff's pattern of behavior, the possibility that he will at some point in the future regain his interest in the case is extremely remote.

In sum, the failures of plaintiff to prosecute his case reflects an ongoing pattern of silence and uncooperativeness, and justify dismissal. As for the nature of the dismissal, we recommend that it be with prejudice. Dismissal with prejudice may

be warranted even when the plaintiff is pursuing his case <u>pro se</u>, if it is evident that he has forgone any interest in pursuing his lawsuit and is acting in bad faith, as evidenced by non-compliance with court orders and a failure to respond to an application for dismissal. <u>See</u>, <u>e.g.</u>, <u>Samman v. Conyers</u>, 231 F.R.D. 163, 167 (S.D.N.Y. 2005). As discussed, the plaintiff has engaged in just such behavior.

<u>CONCLUSION</u>

For the foregoing reasons, we recommend that defendants' request that the case be dismissed be granted, and that this case be dismissed with prejudice.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Paul A. Crotty, Room 735, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007. Failure to file timely objections may constitute a waiver of those objections both in the District

Court and on later appeal to the United States Court of Appeals.

11

See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e); Thomas v. Arn, 474 U.S. 140, 150 (1985); Small v. Secretary of Health and Human Services, 892 F.2d 15, 16 (2d Cir. 1989).

DATED: New York, New York
December 5, 2008

RESPECTFULLY SUBMITTED,

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Report and Recommendation have been mailed today to:

Mr. Eric J. Lesane
1318 Teller Avenue
Bronx, NY 10456

Maurice L. Hudson, Esq.
Assistant Corporation Counsel
The City of New York Law Department
100 Church Street
New York, NY 10007

11

Pro Se Staff Attorney
United States District Court, Southern District of New York
500 Pearl Street, Room 230
New York, New York 10007-1312