```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                        DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                       DATE FILED: November 23, 2010
```

------------------------------------------------------ x
ERIC J. LESANE,                                       :
                                                      :
       Plaintiff,                          :       08 Civ. 4830 (PAC) (MHD)
                                                      :
     - against -                                :
                                                      :       <u>ORDER ADOPTING R&R</u>
                                                      :
NEW YORK CITY DEPARTMENT OF                           :
CORRECTION et al.,                                    :
                                                      :
       Defendant.                          :
------------------------------------------------------ x

HONORABLE PAUL A. CROTTY, United States District Judge:

Eric J. Lesane brings this pro se action under 42 U.S.C. § 1983 against the New York City Department of Correction ("DOC"), an unidentified civilian medical doctor, and an unidentified correction officer (collectively, "Defendants") for denying Lesane medical assistance and for physical assault. Defendants seek to dismiss this suit for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

The Court assumes the parties' familiarity with the underlying facts and the procedural history of the case. In brief, Lesane alleges that, on December 18, 2007, while incarcerated at the Otis Bantum Correctional Center on Rikers Island, an unidentified civilian doctor denied him medical treatment. After Lesane told the doctor that he would report the denial, the doctor allegedly attacked Lesane. Lesane contends that he then asked to be taken to the infirmary but the unidentified officer accompanying the doctor refused to do so. Lesane alleges that he did not receive medical treatment until the next day, at which point he suffered a swollen right hand, bruises, and possibly a fractured finger. On April 22, 2008, Lesane filed a complaint requesting $50 million in damages and the discharge of both individual Defendants as compensation for his physical, mental, and emotional injuries. The case was referred to Magistrate Judge Michael H. Dolinger on June 10, 2008.

Defendants now move to dismiss for failure to prosecute, alleging that Lesane has been entirely unresponsive and has not taken any action to pursue his claim since filing and serving the complaint. Lesane provided the DOC mailing address as his only address of record. Accordingly, on August 13, 2008, August 22, 2008, and August 25, 2008, the Defendants forwarded authorizations to access Lesane's arrest and medical records and follow-up correspondence to this address. All of these letters were returned marked "NOT FORWARDABLE" and "RETURN TO SENDER." Lesane was released on August 27, 2008 but failed to provide the Court with a new address. Due to Lesane's failure to respond to all court orders and discovery requests, on September 22, 2008, the Court ordered Lesane to provide his current address. Lesane did not respond.

Subsequently, Defendants discovered that Lesane had another, unrelated lawsuit in this Court, also against the City of New York, in which he was represented by counsel. Upon request, this attorney provided the Defendants with Lesane's current mailing address. On November 6, 2008, the Court again ordered Lesane to show cause for his non compliance with the previous court orders, sending notice to the new address. The Order indicated that that if Lesane failed to comply, the Court would recommend dismissal of the complaint without prejudice. The correspondence was not returned to the Court, and again, Lesane did not respond.

On December 5, 2008, Magistrate Judge Dolinger issued his Report and Recommendation ("R&R"), recommending dismissal of the motion with prejudice. The R&R provided ten days for written objections, pursuant to Fed. R. Civ. P. 72(b),[1] and specifically advised that "failure to file timely objections may constitute a waiver of those objections . . . in the District Court." (R&R 10.) No timely objections were filed. By letter dated February 23, 2009, however, Lesane informed the

---

[1] In 2009, the Federal Rules of Civil Procedure were amended to extend this period from ten days to fourteen days. See Fed. R. Civ. P. 72. Because this amendment occurred after the issuance of the R&R, it does not apply to the present case. The Court notes, however, that even within this more generous time frame, no timely objections were filed.

Court that he never received any of the Court Orders or the R&R and stated that he is "interested in proceeding with this case and ask[s] that [he] be given a chance to do so."

## DISCUSSION

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The Court applies this standard and finds no clear error. It adopts the recommendation that the complaint be dismissed with prejudice. The Court further denies Plaintiff's request that he be permitted to proceed with his case for failure to provide good cause.

Initially, the February 23, 2009 letter does not constitute a valid objection to the R&R. See Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that a letter did not constitute an "objection" within the meaning of Fed. R. Civ. P. 72(b) because it merely objected to the Report and Recommendation in its entirety and lacked specificity). Even with the special solicitude owed to pro se litigants, the letter's "bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority" is insufficient. Id.

Additionally, even if this letter contained specific objections, Lesane has provided no reason to excuse its significant untimeliness of over two months. Lesane does not indicate why he failed to fulfill his duty to notify the Court of his new address. See A Manual for Pro Se Litigants Appearing Before the United States District Court for the Southern District of New York 6 (2010) (advising that pro se litigants "must immediately notify the Pro Se Office in writing of any change of . . . address" and that failure to do so may result in dismissal).

More importantly, despite Lesane's failure to advise of his new address, the Court's November 6, 2008 Order was sent to Lesane's new address (that is, the same address indicated on

the February 23, 2009 letter) and never returned to the Court. It is fair, then, for the Court to presume that this letter was received, particularly absent any specific explanation to the contrary. See, e.g., Chen v. U.S. Att'y General, 502 F.3d 73, 77 (2d Cir. 2007); Richardson v. Napoli, No. 9:09-CV-1440 (TJM) (DEP), 2010 WL 1235383, at *2 (N.D.N.Y. Mar. 30, 2010).

Accordingly, the Court reviews this R&R for clear error and adopts it in full. The Court agrees with Magistrate Judge Dolinger's thorough analysis and conclusion that Lesane's inactivity since filing the complaint meets the Second Circuit's five-factor balancing test to dismiss a case for failure to prosecute. These factors are (1) the duration of the inactivity; (2) whether plaintiff received notice that further delays would result in dismissal; (3) prejudice to defendant caused by further delay; (4) balancing docket congestion against the party's right to be heard; and (5) the efficacy of lesser sanctions. Here, there is no clear error in Magistrate Judge Dolinger's determination that (1) Lesane's inaction is of a significant duration, compounded by his consistent failure to comply with court orders and rules; (2) Lesane presumably did receive notice from two Court Orders, and, if not, his own failure to advise the Court of his address of record was the cause;[2] (3) the prejudice to Defendants is significant as Lesane has unreasonably failed to provide any discovery, despite Defendants' exceptional efforts to contact him; (4) Lesane displays a complete lack of interest in the prosecution of his case; and (5) any lesser sanction would elicit the same unresponsiveness.

Finally, the Court also denies Lesane's request to proceed with this case despite its dismissal with prejudice because he offers no compelling reason for his protracted delays. See, e.g., Livecchi v. U.S. Dep't of Hous. & Urban Dev., 153 Fed. Appx. 16, 17 (2d Cir. 2005) (noting the significance

---

[2] The November 6, 2008 Order mailed to the address Plaintiff used in a related lawsuit notified Plaintiff that his complaint might be dismissed without prejudice if he failed to respond provided sufficient warning. The Court does not have to provide notice specifically that the case will be dismissed with prejudice before imposing this sanction. See Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 766 (2d Cir. 1990) (ruling on rehearing that the warning need not expressly state that the dismissal would be with prejudice).

of the pro se litigant's failure to provide an adequate excuse for his inactivity); Rosa v. Dovenmuehle Mortg. Inc., 96 Fed. Appx. 32, 33 (2d Cir. 2004) (construing pro se litigant's request to reopen after dismissal to require a showing of "extraordinary circumstances" or "extreme and undue hardship"). Some explanation is particularly necessary where, as here, Lesane's repeated disregard for court orders, ignoring of discovery requests, and failure to provide a change of address create an inference of willfulness or bad faith. See Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986) (noting that "pro se plaintiffs do in fact often 'frustrate the processes of litigation,' but dismissal is justified only when they do so deliberately, not when they do so 'through misunderstanding.'"); Matthews v. U.S. Shoe Corp., 176 F.R.D. 442, 444 (W.D.N.Y. 1997) ("Although the copy of the order that defendant mailed to plaintiff was apparently never received by her, that is no fault of defendant's, and can only be attributed either to plaintiff's deliberate failure to claim the letter, or her failure to advise the court of a change of address.").

Accordingly, the Court accepts and adopts the Report and Recommendation as its opinion. Defendants' motion to dismiss is GRANTED, and the case is DISMISSED with prejudice. The Clerk is directed to enter judgment and close this case.

Dated: New York, New York
November 23, 2010

SO ORDERED

*Paul A. Crotty*
PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Eric J. Lesane
1585 Union Port Road, Apt. 7F
Bronx, NY 10462

Maurice L. Hudson, Esq.
NYC Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007

5